UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PHILLIP KRIBBS,

    Plaintiff,

vs.                      Case No.

SUNTRUST BANK,

    Defendant

## COMPLAINT AND JURY DEMAND

Plaintiff Phillip Kribbs, hereby sues SUNTRUST BANK, and through undersigned counsel, states as follows:

### INTRODUCTION

1. This is a consumer law action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. as more fully set forth below. In the process of a routine banking transactions (the cashing of a check), defendant SUNTRUST BANK illegally and without authorization obtained a copy of Plaintiff's consumer credit report. SUNTRUST BANK illegally obtained a copy of Plaintiff's consumer credit report from Equifax, a consumer reporting agency as that term is defined by the Fair Credit Reporting Act. SUNTRUST BANK'S conduct is prohibited by § 1681(n) and/or 1681(o) of the Fair Credit Reporting Act. In this action, plaintiffs seek money damages as provided under the Act as a result of SUNTRUST BANK'S conduct.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Phillip Kribbs is a citizen of the State of Florida and a resident of Palm Beach County. At all relevant times, he has been over the age of 21 years.

1

3. Defendant SUNTRUST BANK is a national bank with a principal place of business at 303 Peachtree Street N.E., Suite 3600, Atlanta, Georgia, 30308. Defendant SUNTRUST BANK does business throughout the United States of America, including in Palm Beach County, Florida.

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1681p. Venue is proper in this Court pursuant to 15 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

5. In April 2015, Plaintiff cashed a check at one of Defendant's branch offices in Deerfield Beach, Florida. Concluding his banking business, Plaintiff departed SUNTRUST BANK.

6. Shortly after Plaintiff's visit to SUNTRUST BANK as described above, Plaintiff was shocked to receive a letter from SUNTRUST BANK advising that he had been declined for a personal credit card, as SUNTRUST BANK was "unable to verify employment/income." (See "Exhibit A", attached)

7. During Plaintiff's visit to SUNTRUST BANK as alleged in paragraph 5, he did not communicate with any employee of SUNTRUST BANK with respect to opening a SUNTRUST BANK credit card.

8. Plaintiff has denied SUNTRUST BANK's solicitation to open a personal credit card with SUNTRUST BANK on multiple occasions in the past.

9. Upon information and belief, and therefore alleged, Defendant rewards its employees for the total number of new credit card accounts that they are successful in opening, and penalizes its employees who do not meet corporate objectives for the opening of new credit card accounts. This is a common practice in the banking industry as evidenced by the recent lawsuit filed by The People of the State of California against Wells Fargo & Company. (See the "Press Release

from the Office of the City Attorney Mike Feuer"

http://atty.lacity.org/stellent/groups/electedofficials/@atty_contributor/documents/contributor_web_content/lacityp_031126.pdf.)

10. Plaintiff immediately telephoned SUNTRUST BANK and inquired as to the fraudulent procurement of his consumer credit report and fraudulent request for credit.

11. Plaintiff was advised that "Karen" (last name currently unknown) had submitted this fraudulent transaction on Plaintiff's behalf. "Karen" is an employee of SUNTRUST BANK and works at Defendant's Deerfield Beach location.

12. The request for credit was denied because although Karen was able to illegally access all of Plaintiff's confidential and personally identifiable information, she did not know where Plaintiff was employed, and she did not know Plaintiff's employment income. Therefore, she could not provide this information to the consumer reporting agency. (Equifax)

13. SUNTRUST BANK never received permission from Plaintiff to obtain his credit report. Plaintiff never applied for a SUNTRUST BANK credit card, nor did he request that an application for credit be submitted on his behalf. SUNTRUST BANK's action was a gross violation of the trust that Plaintiff bestowed upon Defendant, and warrant punitive damages in an amount sufficient to deter similar illegal conduct in the future.

14. SUNTRUST BANK did not have a permissible purpose under the Fair Credit Reporting Act, 15 U.S.C. § 1681b, to obtain Plaintiff's credit report.

15. The fact that SUNTRUST BANK obtained his credit report caused actual damage to Plaintiff's credit score, as the "hard" inquiry will automatically drop it between 3 and 5 points, and Plaintiff's credit report also now reflects the fact that Plaintiff applied for and was denied credit.

## COUNT I
## WILLFUL WRONGFUL PROCUREMENT OF
## CREDIT REPORT

16. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681a et seq., a consumer reporting agency is prohibited from furnishing a consumer report to a person who lacks a permissible purpose. The permissible purposes allowed by the Act are set forth in 15 U.S.C. § 1681b.

17. Under 15 U.S.C. § 1681b(f)(1), a bank such as SUNTRUST BANK has a permissible purpose to obtain a credit report when it is requested "in connection with a business transaction that is initiated by the consumer." The scope of this permissible purpose, however, is restricted to obtaining the credit report *that is initiated by the consumer*.

18. A bank such as SUNTRUST BANK which obtains a credit report on a person who has not initiated or authorized the transaction at issue by applying for credit is liable pursuant to 15 U.S.C. § 1681(0) and/or (n).

19. The entity from which SUNTRUST BANK [in this case, Equifax] obtains credit reports of non-applicants in connection with its credit card underwriting is a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act.

20. The credit report that SUNTRUST BANK obtained in connection with its underwriting activities in the instant case is a "consumer report" within the meaning of the Fair Credit Reporting Act.

21. SUNTRUST BANK acted willfully, knowingly, and in conscious disregard of Plaintiff's rights under the Fair Credit Reporting Act when they illegally obtained his consumer credit report.

22. In order to obtain Plaintiff's credit report, SUNTRUST BANK had to certify to the credit reporting agency that it is was requesting the credit report due to Plaintiff's request, when in fact

this was categorically false. Accordingly, SUNTRUST BANK obtained a credit report of a non-applicant through false pretenses within the meaning of 15 U.S.C. § 1681n.

23. As a result of SUNTRUST BANK'S willful violation of the Fair Credit Reporting Act, SUNTRUST BANK is liable under 15 U.S.C. § 1681n for punitive damages in an amount sufficient to deter SUNTRUST BANK from engaging in this kind of illegal practice in the future. SUNTRUST BANK is further liable for statutory and actual damages incurred in an amount to be determined by a jury.

24. As a result of SUNTRUST BANK'S willful violation of the Fair Credit Reporting Act, SUNTRUST BANK is liable under I5 U.S.C. § 1681n for the costs of bringing this action as well as reasonable attorney'sfees.

WHEREFORE, plaintiff request the following relief:

(a) a judicial declaration that SUNTRUST BANK'S practice of obtaining credit reports of non -applicants violates the Fair Credit Reporting Act;

(b) an award of statutory damages to plaintiff in an amount to be determined at trial;

(c) an award of punitive damages as provided by the Fair Credit Reporting Act;

(d) an award of the costs of bringing this action and reasonable attorney's fees;

(e) such other and further relief that this Court may award.

**TRIAL BY JURY IS DEMANDED.**

Dated: May 8, 2015         Respectfully Submitted,

/s/ J. Dennis Card, Jr.
J. Dennis Card, Jr., Esq.
Florida Bar No. 0487473
E-mail: Dcard@hmelawfirm.com
Secondary E-Mail: dnewhart@hmelawfirm.com

Hicks, Motto & Ehrlich, P.A.  
3399 PGA Boulevard, Suite 300  
Palm Beach Gardens, FL 33410  
Telephone: (561) 683-2300  
Facsimile: (561) 697-3852  
Attorney for Plaintiffs

SunTrust

Cardmember Services
P.O. Box 621809
Orlando, FL 32862-1809



EXHIBIT "A"

April 28, 2015

PHILLIP C. KRIBBS
1551 N FLAGLER DR #1506
WEST PALM BEACH, FL 33401-3450

Dear Phillip C. Kribbs:                                 ID#: 20151141319470

Thank you for applying for a new SunTrust Credit Card. After reviewing your application, we regret that we are unable to approve your request based on the following reasons:
    Unable to verify employment/income

The consumer reporting agency referenced below did not make this decision and is unable to provide you with the specific reasons why your application was not approved. However, since our decision was based in whole or in part on information from this consumer reporting agency, under the Fair Credit Reporting Act, you are entitled to know the information provided to us. You also have the right to receive a free copy of your consumer report from the consumer reporting agency, if you request it within 60 days of this notice. In addition, you also have the right to notify the consumer reporting agency and dispute the accuracy or completeness of any information on your consumer report. To receive this information, contact:

    Equifax
    P.O. Box 740241
    Atlanta, GA 30374-0241
    1-800-685-1111

We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes.

Your credit score: 739
Date: April 24, 2015
Score range from a low of 250 to a high of 900
Key factors that adversely affected your credit score:
    Serious delinquency
    Length of time accounts have been established
    Proportion of loan balances to loan amounts is too high
    Proportion of balance to credit limits too high on bank/national/revolving accounts

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract), because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the Bureau of Consumer Financial Protection, 1700 G Street NW., Washington DC 20006.

Case 9:15-cv-80604-DMM Document 1 Entered on FLSD Docket 05/11/2015 Page 8 of 8

If you have any questions regarding this letter, please write to Cardmember Services, P.O. Box 621809, Orlando, FL 32862-1809.

Sincerely,

Cardmember Services

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract), because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the Bureau of Consumer Financial Protection, 1700 G Street NW., Washington DC 20006.